SAMUEL KIRKHAM *et al.,* Plaintiffs in Error, *v.* SUSAN JUSTICE, *et al.,* Defendants in Error.

### ERROR TO GALLATIN.

Parties to suits in chancery should be described by their proper names, if known; if their names are unknown, they must be made parties in the manner prescribed by the forty-first section of the twenty-first chapter of the Revised Statutes.

THE opinion of the court furnishes a statement of all the facts necessary to a full understanding of it.

The decree in the case was entered by DENNING, Judge, at June term, 1850, of the Gallatin Circuit Court.

W. HARROW, for Plaintiffs in Error.

BAUGH and OLNEY, for Defendants in Error.

SKINNER, J. The bill in this case shows that the complainant has the legal and equitable title to the lands in dispute, provided the sheriff's deed to him, under the execution in favor of William and Redman Lasswell, and against Samuel Kirkham, was made to the person legally entitled thereto. The probability is that the sheriff's sale appears, from the record, to have been made to the plaintiff in the execution, and that no sufficient assignment was made to authorize the execution of the deed to the complainant; and that this bill was filed to establish the complainant's title under the judgment, execution and sheriff's deed.

The bill is, however, too uncertain in its allegations to entitle the complainant to relief.

Certificates of purchase, under executions at law, were first made assignable February 19th, 1841, and the manner of assignment is provided for by the act authorizing such assignment. Purple's Statutes 341.

The sheriff's sale alleged in complainant's bill was made before the passage of this act, though the sheriff's deed to complainant was executed long after. If the parties in interest

attempted an assignment or transfer of the certificate of purchase, for a valuable consideration, to complainant, and the parties intended thereby that all rights under the sheriff's sale should pass to complainant, and that the sheriff's deed should be executed to the complainant, equity, upon a proper showing by allegations and proofs, would afford adequate relief.

The decree of the Circuit Court is against all of the defendants, and requires them to execute a deed of the lands in con troversy to complainant.

Summons issued against the " heirs of Redman Lasswell," and the " heirs of John M. Ham," and they were made parties defendants by that style. The summons was returned " not found " as to these parties, and an affidavit was filed by complainant setting forth " that he does not know the residence of the heirs of Redman Lasswell, unless it be in Indiana, nor that of the heirs of John M. Ham."

Publication was then made, as in case of non-resident defendants in chancery, against these defendants, by the styles given them in complainant's affidavit. Parties to suits in chancery should be described by their proper names, or the names by which they are known and called, if their names are known ; and if their names are unknown, they can only be made parties defendants, in pursuance of the 41st section of chapter 21 of the Revised Statutes.

This section provides that " In all suits in chancery, and suits to obtain the title to lands, in any of the courts of this State, if there be persons interested in the same, whose names are unknown, it shall be lawful to make such persons parties to such suits or proceedings, by the name and description of persons unknown, or unknown heirs or devises of any deceased person who may have been interested in the subject matter of the suit, previous to his or her death ; but in all such cases an affidavit shall be filed by the party desiring to make any unknown person a party, stating that the names of such persons are unknown." And then provides that process may issue and notice be given by the name and description given as aforesaid.

This statute was not complied with, and the court acquired no jurisdiction of the persons thus made parties.

The decree is reversed and the cause remanded, with leave to complainant to amend his bill and make proper parties.

*Decree reversed.*