ELIZABETH MAYORAL, Plaintiff-Appellant, v. TROY WILLIAMS, Defendant (John Muehlebach, Defendant-Appellee).

Fourth District No. 4—91—0172

Opinion filed September 30, 1991.

Warren E. Danz, P.C., of Peoria, for appellant.

Jerrold H. Stocks and Glen A. Featherstun, both of Armstrong, Winters, Prince, Featherstun & Johnson, of Decatur, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

This is an appeal by plaintiff Elizabeth Mayoral from an order of the circuit court of Sangamon County dismissing her lawsuit against defendants Troy Williams and John R. Muehlebach. The issues to be considered on review are (1) whether Muehlebach had standing to move to dismiss the entire lawsuit since he had been dismissed as a party earlier, and (2) whether the trial court's finding of lack of diligence on the part of plaintiff in serving Williams is supported by the record. We affirm.

The unique facts of this case are these. On February 2, 1989, plaintiff filed a complaint to recover damages for injuries incurred as a result of a collision between an automobile in which she was a passenger and an automobile owned by Muehlebach and operated by Williams. The collision occurred on February 3, 1987. The statute of limitations expired on February 3, 1989.

Muehlebach received service of summons. However, after 11 attempts to serve Williams, the sheriff returned the summons issued to Williams unserved on March 14, 1989. Muehlebach filed a motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615), which was granted on January 12, 1990, with leave for plaintiff to amend her complaint.

On February 1, 1990, plaintiff filed an amended count II of her complaint. Count II involved the action against Muehlebach, and the amended count II attempted to state a cause of action based on theories of agency and negligent entrustment of the automobile. On February 9, 1990, Muehlebach filed a section 2—615 motion to dismiss the amended count II.

Again, service was attempted as to Williams. The record contains a copy of a receipt marked paid for $66.40 for service of process on Williams on March 2, 1989. The receipt is from the Anchor Private Process Service, Inc., and indicated the process server as "J.W." The affidavit of service attached to the receipt indicated abode service was had at 504 West Edwards in Springfield, and the summons and complaint were delivered to a person identified as Robert Sevenston, a 35-year-old white male, at that address at 8:15 a.m. on March 2, 1989. However, the affidavit, although notarized, is unsigned. The affidavit and receipt were filed in the circuit clerk's office on March 22, 1990. The address at which the private server indicates service was had on Williams is the same address at which the sheriff attempted service and determined the defendant had moved. Williams has not filed an answer or other responsive pleading in this cause.

In addition, on March 22, 1990, an alias summons was issued to Williams at 2113 South Spring in Springfield. Again, the sheriff returned the summons unserved on March 30, 1990, indicating Williams had moved. The address had been supplied to plaintiff by Muehlebach in his discovery deposition.

On April 9, 1990, plaintiff filed a second-amended count II (agency) and count III (negligent entrustment) against Muehlebach. On April 18, 1990, Muehlebach again filed a section 2—615 motion to dismiss amended counts II and III or to strike portions thereof.

On December 7, 1990, Muehlebach filed a motion to dismiss the cause for failure to exercise due diligence to serve Williams premised on Supreme Court Rule 103(b). (134 Ill. 2d R. 103(b).) The hearing on the motion was set for December 27, 1990. Although notice to plaintiff's counsel was given and proof of notice was on file, plaintiff failed to appear in person or by counsel. Thereafter, on January 3, 1991, the trial court ordered the cause against Muehlebach dismissed with prejudice, finding a failure on plaintiff's part to exercise reasonable diligence to obtain service on Williams.

On January 16, 1991, plaintiff filed a motion to reconsider. Attached to the motion to reconsider were affidavits of attorneys Warren Danz and Andrew Kleczek explaining why no attorney had ap-

peared on behalf of plaintiff at the December 27, 1990, hearing on the motion to dismiss. The affidavits did not refer to any attempts to serve Williams. No evidence pertaining to service of Williams was presented at the hearing. However, plaintiff filed an unsworn document entitled "Supplementary Response To The Defendant's Motion To Dismiss Cause" in which was related the difficulty of identifying the driver of the Muehlebach car at the time of the collision. The document indicates that the Muehlebach vehicle, occupied by two individuals, drove away from the scene of the collision and the vehicle in which plaintiff was a passenger followed. A description of the automobile and license number were obtained such that the car was subsequently located and identified as belonging to Muehlebach. The description of the driver of the Muehlebach vehicle fit both Williams and a person referred to by plaintiff in this document as Ethan Allen, later corrected by Muehlebach's counsel at argument to be Ethan Atwood. Both of these persons were friends of Muehlebach, had keys to his apartment, and had borrowed his car. However, this document does not explain the delay in obtaining service on Williams or delineate the attempts plaintiff had made to locate Williams. Instead, the plaintiff merely contended therein that the failure to serve Williams did not affect the case against Muehlebach. After hearing further argument on the motions, the trial court again found a failure of plaintiff to exercise reasonable diligence to obtain service on Williams and further found that the lack of diligence occurred after the expiration of the statute of limitations. As a result, the trial court's order of February 11, 1991, dismissed, with prejudice, the plaintiff's case in its entirety. On March 4, 1991, plaintiff filed a second motion to reconsider, which was denied on March 5, 1991. This appeal followed.

■ Rule 103(b) provides:

"If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." (134 Ill. 2d R. 103(b).)

Muehlebach's motion to dismiss requested that the action as a whole be dismissed with prejudice based on Rule 103(b), or, in the alternative, that the action against Muehlebach be dismissed for

want of prosecution and the action against Williams be dismissed based on Rule 103(b), or further in the alternative, that the action as a whole be dismissed for want of prosecution. After the trial court ordered dismissal as to Muehlebach, plaintiff filed a motion asking the court to "reconsider the Motion to Dismiss" filed by Muehlebach and requesting a denial of that motion.

■ Plaintiff now contends that Muehlebach could not argue at the hearing on reconsideration that the entire action be dismissed because Muehlebach had already been dismissed as a defendant. However, thanks to plaintiff's timely motion for reconsideration, the order dismissing Muehlebach had not yet become final, and Muehlebach was certainly a party to the lawsuit and was entitled to argue his motion. After all, plaintiff specifically asked the circuit court to reconsider Muehlebach's motion to dismiss and that is precisely what the circuit court did. Plaintiff's challenge to the standing of Muehlebach to argue that the case be dismissed in its entirety is patently without merit.

Plaintiff also argues that the record does not support the trial court's ruling. Plaintiff refers to the abode service by the process server and argues there is no evidence of failure to exercise reasonable diligence to obtain service since, according to plaintiff, Williams is "clearly evading personal service."

■ In *Womick v. Jackson County Nursing Home* (1990), 137 Ill. 2d 371, 377, 561 N.E.2d 25, 27, the following summary of the standards pertaining to a motion for dismissal for lack of diligence was provided:

> "This court noted in *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, that 'Rule 103(b) was adopted by this court to effectuate its historical and constitutional mandate to render justice fairly and promptly.' (*O'Connell*, 112 Ill. 2d at 282; see also *Martinez v. Erikson* (1989), 127 Ill. 2d 112, 117; *Muskat v. Sternberg* (1988), 122 Ill. 2d 41, 46.) Thus, while actual notice or knowledge of the pendency of a suit or the lack of prejudice to the defendant are significant in that they may affect the judge's determination as to whether the plaintiff was diligent, they are but two factors to be considered by the court in making that determination. Other factors include: (1) the length of time used to obtain service of process; (2) the activities of the plaintiff; (3) plaintiff's knowledge of the defendant's location; (4) the ease with which the defendant's whereabouts could have been ascertained; (5) special circumstances which would affect plaintiff's efforts; and

(6) actual service on the defendant (*Segal v. Sacco*, 136 Ill. 2d at 287), and all of these factors are to be considered with a view toward fulfilling the constitutional mandate of rendering justice fairly and promptly (see *Muskat*, 122 Ill. 2d at 49)."

It is plaintiff's burden to demonstrate reasonable diligence in service of process. (*Segal v. Sacco* (1990), 136 Ill. 2d 282, 286, 555 N.E.2d 719, 720.) The diligence must be established factually, by affidavits in conformance with the rules of evidence. See *Gatto v. Nelson* (1986), 142 Ill. App. 3d 284, 492 N.E.2d 1; *Pisciotto v. National Heater Co.* (1974), 21 Ill. App. 3d 73, 315 N.E.2d 121; 134 Ill. 2d R. 191(a).

 The record in the case at bar is devoid of evidence from which it can be inferred the delay in obtaining service on Williams was reasonable. After plaintiff filed her complaint, the sheriff indicated an inability to serve Williams on March 14, 1989. Nothing else was filed by plaintiff regarding the service of Williams until March 22, 1990, even though abode service was purportedly had on Williams on March 2, 1989, by a private process server. However, since the affidavit of service by the private person is not signed, it cannot be considered evidence of service. (See *Escue v. Nichols* (1948), 335 Ill. App. 244, 81 N.E.2d 652 (holding an unsigned return of service does not provide jurisdiction of the person to the courts).) In any event, the record contains no court order authorizing service by a private person over 18 years of age and who is not a party to the action, nor does the record disclose that Private Process Service, Inc., is a certified private detective agency or that "J.W." is a registered employee of a private detective agency certified under the Private Detective, Private Alarm, and Private Security Act of 1983 (Ill. Rev. Stat. 1989, ch. 111, par. 2651 *et seq.*). (See Ill. Rev. Stat. 1989, ch. 110, par. 2—202(a); see also *County of Lake v. X-PO Security Police Service, Inc.* (1975), 27 Ill. App. 3d 750, 327 N.E.2d 96 (which indicates that service by an unauthorized person is invalid).) Furthermore, if plaintiff truly believed the private server's abode service was good, plaintiff would not have also attempted alias service by the sheriff at the Spring Street address provided by Muehlebach at his deposition. The record is also devoid of any attempt by plaintiff to use written discovery to ascertain the current whereabouts of Williams. As has already been noted, the only affidavits submitted by plaintiff in support of her initial motion for reconsideration addressed the question of why no attorney appeared for the hearing on the Rule 103(b) motion to dismiss and did

not address the question of diligence in service of process. Therefore, the dismissal of Williams as a defendant was clearly proper.

■ At the hearing on plaintiff's motion to reconsider the order dismissing Muehlebach, plaintiff conceded that the trial court could dismiss the cause against Williams with prejudice, but further argued that the trial court improperly dismissed Muehlebach because any failure to serve Williams did not prejudice Muehlebach's defense. Of course, Muehlebach's attorney argued his client's case was prejudiced by the failure to have Williams involved in the suit as a party. It was in plaintiff's second motion for reconsideration that plaintiff pointed out that Muehlebach had previously been dismissed and further suggested that, by participating in discovery for the purpose of preparing a defense on the merits, Muehlebach had waived the right to object to any lack of diligence on plaintiff's part. However, in this appeal, plaintiff does not contend either that Muehlebach waived plaintiff's lack of diligence or that Muehlebach's defense is not prejudiced by Williams not being a party and, therefore, that the cause against Muehlebach should not have been dismissed. As a result, the decision of this court is restricted by the issues narrowly presented on review. Since the only issues raised are whether Muehlebach had standing to raise the issue of lack of diligence on plaintiff's part in serving Williams and whether the record supports the trial court's finding of lack of diligence, this court now holds that under Rule 103(b), the trial court has the discretion to dismiss the cause in part or in its entirety on the motion of *any* defendant and that, in this case, the dismissal of the entire cause was not an abuse of discretion since the record supports a finding of lack of diligence on the part of plaintiff in serving Williams.

For the foregoing reasons, the order of dismissal by the circuit court of Sangamon County is affirmed.

Affirmed.

LUND, P.J., and STEIGMANN, J., concur.