JUANA MARIA SUAREZ, Indiv. and as Special Adm'r of the Estate of Antonio Suarez, Deceased, Plaintiff-Appellant, v. RO-MAR TERMINAL WAREHOUSE COMPANY, INC., *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—91—3338

Opinion filed March 24, 1993.—Rehearing denied May 3, 1993.

Donna Del Principe, of Kane, Obbish, Propes & Garippo, of Chicago, for appellant.

Sandra Young and John P. O'Malley, both of Purcell & Wardrope, Chartered, of Chicago, for appellees.

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff Juana Suarez appeals the trial court's dismissal with prejudice of defendant Ro-Mar Terminal Warehouse Co., Inc. (Ro-Mar), pursuant to a motion under section 2—619(a)(9) (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)(9)).

The trial court dismissed Ro-Mar because its alleged agent, Leonel Garcia, had been previously dismissed by reason of Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)) for failure to exercise due diligence in obtaining service upon Garcia.

Plaintiff acknowledges that under the doctrine of *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 382 N.E.2d 1217, and its progeny *Mayoral v. Williams* (1991), 219 Ill. App. 3d 365, 579 N.E.2d 1196, *Stroud v. News Group Chicago, Inc.* (1991), 215 Ill. App. 3d 1006, 576 N.E.2d 152, *Martin v. Yellow Cab Co.* (1990), 208 Ill. App. 3d 572, 567 N.E.2d 461, and *Williams v. Bolsten* (1989), 184 Ill. App. 3d 832, 540 N.E.2d 966, dismissal of an employee or agent on a Supreme Court Rule 103(b) motion is a finding against the employee or agent on the merits, and under the doctrine of *respondeat superior*, if the agent is not liable, the principal cannot be held liable for the acts of the agent.

However, because of the difficulty plaintiff experienced in determining the parties to be joined as defendants, her complaint alleged that the motor vehicle owned by Ro-Mar was operated by defendant's "authorized agent, Leonel Garcia, and/or John Doe."

Plaintiff contends that the findings on the merits against Leonel Garcia are findings on the merits affecting Ro-Mar only as to derivative liability which relates to or is imposed by reason of the acts of Leonel Garcia and since plaintiff has made an allegation against "John Doe," no such finding on the merits attaches to Ro-Mar for liability caused derivatively by someone other than Garcia.

We agree with plaintiff, but must take great care to distinguish this case from the *Towns* doctrine, which we readily acknowledge is the rule enunciated by our supreme court and rigorously followed by subsequent courts of review. We have no intention to impair or encroach upon the validity or vitality of *Towns*.

At approximately 12:20 a.m. on May 28, 1987, at the corner of Blue Island and Damen Streets, plaintiff's decedent was walking

when he was struck by a semi-tractor trailer truck which left the scene of the accident. Two years later, decedent died, allegedly because of the injuries sustained. A witness described the truck as having a red eagle on its side. Another witness, unidentified, gave police the license number of the truck: R22046. Defendant American President Lines (American) owns a truck trailer bearing that license number and its logo of a red eagle.

American operates a shipping hub at the Chicago and North Western railyard in the 1600 block of South Western Avenue, approximately two blocks from where decedent was struck. At this railyard, a container (box) is loaded and unloaded onto a chassis, which together are what we commonly refer to as a trailer. The trailer is pulled by another vehicle. At the time of the accident, American had hired approximately 100 independent trucking companies to move its containers from the yard. When a container is moved from the yard, an interchange receipt is filled out.

At approximately noon on May 28, 1987, Leonel Garcia, a driver for Ro-Mar, picked up one of American's trailers from the railyard and moved it to a nearby railyard. American's records show that the trailer that Garcia towed 12 hours after the accident had the same license plate number as the trailer spotted by the unidentified witness at the time of the incident: R22046.

Plaintiff alleged in her complaint:

"On or about May 28, 1987, the motor vehicle operated by the defendants' agent [LEONEL] GARCIA and/or JOHN DOE, came into contact with the body and person of the plaintiff's decedent *** and at the above time and place, the defendants Ro-Mar *** by [its] authorized agent [LEONEL] GARCIA and/or JOHN DOE, were negligent ***."

The trial court determined that Leonel Garcia had been properly dismissed under Supreme Court Rule 103(b) and, thus, dismissed defendant Ro-Mar based upon the theory that dismissal of an agent requires dismissal of the defendant. (*Towns*, 73 Ill. 2d 113; *Martin*, 208 Ill. App. 3d 572.) However, the trial court did not address the issue of whether "John Doe" could be an agent for the purposes of finding Ro-Mar responsible.

Plaintiff attempts to designate a fictitious party, "John Doe," although it is clear that absent an authorizing statute, a fictitious party cannot be designated as an appropriate party. *Hailey v. Interstate Machinery Co.* (1984), 121 Ill. App. 3d 237, 238, 459 N.E.2d 346 (provided that joinder of a "John Doe" did not toll the statute of limitations).

■ However, it is not because "John Doe" is a party that we believe the trial court erred, but rather because there is no requirement that the agent be joined in an action against the principal, and reference to an agent who is "John Doe" merely expresses a liability imposed upon the principal because of the actions of an unidentified and unjoined agent. See *McCottrell v. City of Chicago* (1985), 135 Ill. App. 3d 517, 519, 481 N.E.2d 1058 (which held that a plaintiff need not name each employee of a defendant corporation to prevail against the company and may sue either master or servant or both for they are jointly and severally liable); *Lasko v. Meier* (1946), 394 Ill. 71, 67 N.E.2d 162; *Barth v. Board of Education* (1986), 141 Ill. App. 3d 266, 490 N.E.2d 77; *Holda v. County of Kane* (1980), 88 Ill. App. 3d 522, 410 N.E.2d 552.

■ We reject plaintiff's initial argument that section 2—413 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—413) provides a format for joining unknown parties. That section provides that where there are interested parties whose names are unknown, it is appropriate to make them parties "by the name and description of unknown owners, or unknown heirs or legatees." This section relates primarily to "unknown owners" in an *in rem* proceeding (*Ashton v. Macqueen* (1935), 361 Ill. 132, 197 N.E. 561; *Chandler v. Ward* (1900), 188 Ill. 322, 58 N.E. 919; *Uptown Federal Savings & Loan Association v. Vasavid* (1981), 94 Ill. App. 3d 531, 418 N.E.2d 831; *Sterling Savings & Loan Association v. Giampa* (1971), 2 Ill. App. 3d 303, 276 N.E.2d 142) or to "unknown heirs and legatees" (*Mortimore v. Bashore* (1925), 317 Ill. 535, 148 N.E. 316; *Burton v. Perry* (1893), 146 Ill. 71, 34 N.E. 60; *Kirkham v. Justice* (1855), 17 Ill. 107).

■ Further, commentary to the statute makes clear that it was intended only for those limited purposes and not meant to allow all plaintiffs such broad standards for maintaining an action against an unknown party. Ill. Ann. Stat., ch. 110, par. 2—413, Historical & Practice Notes, at 515 (Smith-Hurd 1983).

Plaintiff's complaint discloses that Ro-Mar is merely one of several defendants that have been joined in plaintiff's action. When one considers that the terminal premises were owned by one entity and operated by another; that admittedly more than 100 trucking companies were used to haul in and out of the terminal; that often the trailer might be the property of one company and the truck another; and that the truck might be rented with the driver or without, it is clear that the complexities in sorting out the parties are enormous for the plaintiff.

It is interesting to note that during the pendency of this action in the trial court, the General Assembly amended section 2—402 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—402), which provides for respondents in discovery in all civil actions so that plaintiffs hereafter have a reasonable process to determine the identity of defendants in cases such as this.

In fashioning an appropriate remedy, we remand this cause to the trial court and direct that an order be entered which provides that Ro-Mar may not hereafter be held liable for the acts of its agent and servant Leonel Garcia by reason of his dismissal under Supreme Court Rule 103(b), and that a summary determination of this issue be entered in that regard, pursuant to section 2—1005(d) of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005(d)).

Upon a proper showing and proper evidence, Ro-Mar could be held liable for the actions of any other agent or servant who drove one of its trucks and was responsible for the injuries of the plaintiff.

There may be justifiable concern that practitioners will automatically or routinely add "and/or John Doe" to their complaints in order to escape the onus of Supreme Court Rules 103(b) and 273. The trial court should have the power to examine each factual situation to ensure that the allegation was made in good faith. If it finds that the alternative designation of the agent is not in good faith, it may resort to sanctions under Supreme Court Rule 137 or may dismiss the principal under *Town* or both.

Therefore, for the foregoing reasons and with directions to the trial court, we reverse and remand.

Reversed and remanded.

TULLY, P.J., and CERDA, J., concur.