NO. 4-96-0505

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

CONNIE BILLERBECK,                      )   Appeal from

Plaintiff-Appellee,           )   Circuit Court of

v.                            )   Livingston County

CATERPILLAR TRACTOR COMPANY, a          )   No. 94L58

Corporation,                            )

Defendant-Appellant.          )   Honorable

                                        )   Harold J. Frobish,

                                        )   Judge Presiding.

_________________________________________________________________

JUSTICE KNECHT delivered the opinion of the court:

On December 4, 1989, in the circuit court of Livingston County, plaintiff Connie Billerbeck filed suit against defendant Caterpillar Tractor Company for injuries she allegedly sustained on December 4, 1987.  Approximately four years later, on November 16, 1993, the trial court granted plaintiff's motion for volun­tary dismissal.  Plaintiff refiled her complaint on October 24, 1994.  On November 16, 1995, summons was issued.  Summons was served on defendant two weeks later, 13 months and 6 days after plaintiff refiled her complaint.  

Defendant filed a motion to dismiss, arguing plaintiff had not acted with reasonable diligence in effecting service upon defendant as required by Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)).  Attached to defendant's motion was an affidavit showing the date of service and a letter dated November 7, 1995, informing plaintiff's counsel that defendant would not accept service of process on its counsel.  Plaintiff did not file a response to this motion.  The trial court, on May 3, 1996, denied defendant's motion, but certified the following question for interlocutory review pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308):

"Whether a [13]-month and [6]-day lapse be­tween filing of the lawsuit and effecting service of process on defendant constitutes a lack of due diligence pursuant to Supreme Court Rule 103 where the complaint filed was a refiling following a voluntary dismissal, the statute of limitations had run prior to the filing of the complaint, defendant had made it known in writing it would not volun­tarily accept ser­vice
, defendant was a cor­po­ration in the same location throughout the pendency of the ac­tion, and no efforts to effect service during the [13]-month [6]-day time period were attempted by plaintiff."

(We note the trial court incorrectly included in its certi­fied question "defendant had made it known in writing it would not voluntarily accept service."  The letter submitted by defen­dant clearly informed plaintiff's counsel that defendant would not accept service through its counsel, but plaintiff would have to serve defendant directly.)  On July 9, 1996, this court granted leave to appeal.
 

Rule 103(b) requires a plaintiff to act with reasonable diligence in effecting service of process on a defendant.  If the plaintiff fails to act with reasonable diligence after the stat­ute of limitations expires, the cause of action shall be dis­missed with prejudice.  The plaintiff has the burden of proving reasonable diligence, and the defendant is not required to prove prejudice by the delay.  
Segal v. Sacco
, 136 Ill. 2d 282, 286, 555 N.E.2d 719, 720 (1990); 
Mayoral v. Williams
, 219 Ill. App. 3d 365, 370, 579 N.E.2d 1196, 1199 (1991).  

In 
O'Connell v. St. Francis Hospital
, 112 Ill. 2d 273, 282, 492 N.E.2d 1322, 1326 (1986), the Supreme Court of Illinois em­phasized the purpose and importance of Rule 103(b):

"Nothing is more critical to the judi­cial function than the administration of justice without delay.  [Citations.]  Central to dis­charg­ing this function, the judiciary must be unimpeded in considering and render­ing judg­ments on matters before it.  [Cita­tions.]  Rule 103(b) was adopted by this court to effectu­ate its his­torical and con­stitu­tional mandate to render justice fairly and prompt­ly.

Due diligence in serving process is essential to this purpose, for it is the sole legally sufficient means of alerting defen­dants to the pendency of a civil suit.  In addition, service with due diligence, by promptly placing defendant on notice of a pending action, shortens the time needed to investigate, prepare and litigate the issues raised, thereby allowing the court to proceed expeditiously to a just resolution of the matter before it."

In 
Segal
, the court noted Rule 103(b) is nec­es­sary to pre­vent cir­cumvention of the statute of limita­tions.  
Segal
, 136 Ill. 2d at 286, 555 N.E.2d at 720.
  The rules of our su­preme court are not aspirational.  "They have the force of law, and the presump­tion must be that they will be obeyed and enforced as written."  
Bright v. Dicke
, 166 Ill. 2d 204, 210, 652 N.E.2d 275, 277-78 (1995).

When making a Rule 103(b) determination, a trial court may consider the following factors:  (1) amount of time in ob­taining service; (2) plaintiff's activities; (3) plaintiff's knowledge of defendant's whereabouts; (4) ease in ascertaining defendant's location; (5) defendant's actual knowledge of the pendency of the suit resulting from ineffective service; (6) special circumstances affecting plaintiff's efforts; and (7) actual service effected on defendant.  These factors, which are not exhaustive, must be viewed in light of the rule's purpose.  
Segal
, 136 Ill. 2d at 287, 555 N.E.2d at 720-21.  This court, in 
Mayoral
, also considered whether the defendant was prejudiced by the delay.  
Mayoral
, 219 Ill. App. 3d at 369-70, 579 N.E.2d at 1199.

Defendant contends an application of the analysis in 
Segal
 demonstrates the plaintiff did not act with reasonable diligence.  Defendant also maintains public policy favors a find­ing of a lack of reasonable diligence.  Plaintiff, on the other hand, argues application of the factors in 
Segal
 is discretion­ary.  

In 
Segal
, the court used permissive language prior to listing the factors:  "a court 
may
 consider."  
Segal
, 136 Ill. 2d at 287, 555 N.E.2d at 720.  These factors, however, are con­sis­tently used by reviewing courts.  See, 
e.g.
, 
Womick v. Jackson County Nursing Home
, 137 Ill. 2d 371, 377, 561 N.E.2d 25, 27 (1990); 
May­or­al
, 219 Ill. App. 3d at 369-70, 579 N.E.2d at 1199; 
Sinn v. Elmhurst Medical Building, Ltd.
, 243 Ill. App. 3d 787, 790, 612 N.E.2d 932, 935 (1993); 
Tischer v. Jordan
, 269 Ill. App. 3d 301, 307, 645 N.E.2d 991, 995 (1995).  In addi­tion, the 
Womick
 court, one year after the 
Segal
 decision, used less per­missive language:  "they are but two factors 
to
 
be
 
consid­ered
 by the court in making that determina­tion."  (Emphasis added.)  
Womick
, 137 Ill. 2d at 377; 561 N.E.2d at 27; see also 
May­oral
, 219 Ill. App. 3d at 369-70, 579 N.E.2d at 1199.

   We need not decide wheth­er consid­eration of the 
Segal
 factors is permis­sive or mandatory, because the ques­tion certi­fied to this court indi­cates the trial court considered the above factors
 and asked this court to do the same.  The trial court gave the length of time, noted plaintiff's activ­ity (or inactivi­ty) and knowledge of defendant's location, men­tioned the letter indicating defendant's actual knowledge, and noted defen­dant was served. 

An application of these facts to factors set forth in 
Segal
 indicates plaintiff did not act with reasonable diligence.  Plaintiff provided no explanation of her efforts in effecting service upon defendant, either through affidavits, other evi­dence, or argument.  There is nothing in the record or briefs showing any special circumstances prohibiting service upon defen­dant.  Plaintiff had knowledge of defendant's whereabouts because she worked for a food service company operating in one of defendant's plants.  There is no evidence defendant changed loca­tions and defendant maintains its location had not changed dur­ing the litigation.  

Moreover, the time between filing and service was 13 months and 6 days.  Plaintiff provided no case law indicating this length of time is reasonable.  On the other hand, defendant cites several cases where plaintiffs were found to have acted without reasonable diligence with delays of eight to nine months.  
Womick
, 137 Ill. 2d at 377, 561 N.E.2d at 27 (nine months); 
Penrod v. Sears, Roebuck & Co.
, 150 Ill. App. 3d 125, 129, 501 N.E.2d 367, 369 (1986) (eight months); 
Sinn
, 243 Ill. App. 3d at 789, 612 N.E.2d at 935 (eight months).

Defendant, however, received service of process and had actual knowledge of the cause of action since two weeks after the complaint was refiled.  Because defendant had a fair opportunity to investigate, defendant was arguably not prejudiced by the delay.  

According to 
Womick
, the presence of actual knowledge and the absence of prejudice do not require this court to find reasonable diligence.  In 
Womick
, though the plaintiff knew the defendant's locale, the plaintiff made no attempt to place sum­mons for approximately nine months after filing the complaint.  The court concluded "notice is not sufficient to preclude dis­missal in light of [plaintiff's] obvious lack of diligence."  
Womick
, 137 Ill. 2d at 381, 561 N.E.2d at 29.  As in 
Womick
, actual notice and the absence of prejudice do not outweigh the other factors.  Plaintiff has shown neither an attempt to serve defendant, special circumstances to justify the delay, nor diffi­culty in locating defendant.  In this case, the delay was four months longer than the delay in 
Womick
.  See 
Womick
, 137 Ill. 2d at 380, 561 N.E.2d at 29.  Plaintiff's lack of diligence is equally as obvious, if not more so
.

Plaintiff argues, however, a dismissal with prejudice under Rule 103(b) is a harsh penalty, justified only when the delay denies defendants fair opportunity to investigate the facts and circumstances of the charges.  See 
Segal
, 136 Ill. 2d at 288, 555 N.E.2d at 721.  Plaintiff further contends Illinois favors determinations based upon parties' substantive rights.  See 
McCormack v. Leons
, 261 Ill. App. 3d 293, 295, 634 N.E.2d 1, 2 (1994), citing 735 ILCS 5/1-106 (West 1992).

Defendant argues public policy supports a determination plaintiff acted without reasonable diligence.  Defendant states the purpose of Rule 103(b) is to protect defendants from unneces­sary delay in the service of process and to prevent circumvention of the statute of limitations.  See 
Hanna v. Kelly
, 91 Ill. App. 3d 896, 900, 414 N.E.2d 1262, 1266 (1980).  Defendant also cites 
Schusterman v. Northwestern Medical Facility Foundation
, 195 Ill. App. 3d 632, 639, 552 N.E.2d 1178, 1182 (1990), and contends a party has a duty that is nondelegable to bring suit to a timely conclusion.  Defendant argues if this court were to decide plain­tiff acted with reasonable diligence, it would render Rule 103(b) meaningless.

The "harsh penalty" language 
cited by plaintiff origi­nated from a case with a 20- to 21-week delay between filing and the service of process.  See 
Segal
, 136 Ill. 2d at 284-85, 288, 555 N.E.2d at 719-21.  The 
Segal
 court observed a Rule 103(b) dismissal with prejudice would not be an abuse of discre­tion 
if
 the delay was equal to or shorter than the 20- and 21-week delay if defendants were denied fair opportunity to investi­gate facts and circumstances that are the grounds for the suit while the information is available.  
Segal
, 136 Ill. 2d at 289, 555 N.E.2d at 721.  The 
Segal
 court, however, left open the pos­sibility for dismissals with prejudice for cases with longer delays that do not deny defendants fair opportunity to investigate.  The 
Womick
 court, in consideration of a case with a great­er delay, did not even consider whether the defendant was denied a fair opportunity to investigate.  
Womick
, 
137 Ill. 2d at 377, 561 N.E.2d at 27.  

Like the factors in 
Segal
, public policy weighs toward a dismissal with prejudice.  Rule 103(b) was adopted to protect against unreasonable delay in the service of process and to pre­vent plaintiffs' circumventing the statute of limitations.  
Segal
, 136 Ill. 2d at 286, 555 N.E.2d at 720.  Plaintiff filed suit on the last day permitted by the statute of limitations.  She voluntarily dismissed her suit without prejudice nearly four years later.  Plaintiff refiled her suit within the one-year allowance, but did not effect service of process until 13 months 6 days later.  Plaintiff has circumvented the statute of limita­tions by over six years.  Even if this court focuses only on the one-year window given to plaintiffs who voluntarily withdraw their cases without prejudice, plaintiff circumvented that limi­ta­tion by over a year.  The purpose of Rule 103(b) is not served by such lack of diligence, and if we were to find this delay satis­fies Rule 103(b), we would render the rule meaningless.  We thus answer the trial court's question, with the necessary modi­fica­tion, in the affirmative.  

We turn now to consider whether this court's review is limited solely to the determination of how the trial court's question should be decided.  In 
Schoonover v. American Family Insurance Co.
, 214 Ill. App. 3d 33, 40-41, 572 N.E.2d 1258, 1262 (1991), we held we were not limited to reviewing questions pre­sented under Rule 308, but instead we may also consider the ap­propriate­ness of the order giving rise to the appeal.  Following the su­preme court's deci­sion in 
Faier v. Ambrose & Crushing, P.C.
, 154, Ill. 2d 384, 609 N.E.2d 315 (1993), however, we aban­doned our holding in 
Schoonover
.  
Kerker v. Elbert
, 261 Ill. App. 3d 924, 925, 634 N.E.2d 482, 483 (1994).  

In 
Faier
, the court found the appellate court incor­rectly denied leave to appeal under Rule 308.  After hearing the appeal, the court ruled by answering the question presented and remanding the case to the trial court.  There was no determi­na­tion on whether the appellate court may go beyond the question pre­sent­ed in appeals pursuant to Rule 308. 
 
Faier
, 154 Ill. 2d at 386-87, 609 N.E.2d at 316.  Justice Harrison dissented from the opin­ion and maintained the proper procedure for the court was to rule on the propriety of the order from which the appeal was taken.  
Faier
, 154 Ill. 2d at 387-90, 609 N.E.2d at 316-18 (Har­rison, J., dissenting); see also 
Kerker
, 261 Ill. App. 3d at 925, 634 N.E.2d at 483.  Upon interpreting 
Faier
, we concluded the deci­sion over­ruled
 our holding in 
Schoonover
.  
Hardimon v. Carle Clinic Ass'n
, 272 Ill. App. 3d 117, 124, 650 N.E.2d 281, 285 (1995); 
Danner v. Norfolk & Western Ry. Co.
, 271 Ill. App. 3d 598, 601, 648 N.E.2d 603, 605 (1995).  
Kerker
, 261 Ill. App. 3d at 925, 634 N.E.2d at 483.  

Subsequent supreme court decisions, however, have prompted us to rethink our abandonment of 
Schoonover
.  See 
Bright
, 166 Ill. 2d at 208, 652 N.E.2d at 277; 
Boyd v. Travelers Insurance Co.
, 166 Ill. 2d 188, 193-94, 652 N.E.2d 267, 270 (1995); 
Schrock v. Shoe­maker
, 159 Ill. 2d 533, 537, 640 N.E.2d 937, 939 (1994).  In these cas­es, our supreme court went beyond the spe­cific ques­tions pursuant to Rule 308 to evaluate the ap­propriate­ness of the order that gave rise to the appeal.  
Bright
, 166 Ill. 2d at 208, 652 N.E.2d at 277; 
Boyd
, 166 Ill. 2d at 193-94, 652 N.E.2d at 270; 
Schrock
, 159 Ill. 2d at 537, 640 N.E.2d at 939.  In 
Schrock
 and 
Boyd
, the court cited Supreme Court Rule 366(a)(5) (155 Ill. 2d R. 366(a)(5)) as providing authority to go beyond the question pre­sented.  
Boyd
, 166 Ill. 2d at 193, 652 N.E.2d at 270; 
Schrock
, 159 Ill. 2d at 537, 640 N.E.2d at 939.  Rule 366(a)(5) provides the following:

"In 
all
 appeals the 
reviewing
 
court
 may, in its discretion ***

(5)  enter any judgment and make any order that ought to have been given or made, and make any other and further orders and grant any relief *** that the case may re­quire."  (Emphasis added.)  155 Ill. 2d R. 366(a)(5). 

Our reading of Rule 366(a)(5) indicates the rule is not limited to our supreme court, but applies to this court, as well as to all ap­peals.  We thus return to our holding in 
Schoonover
.  

In this case, given the interests of judicial economy, we are obligated to go beyond the question presented to consider the appropriateness of the order giving rise to the appeal.  See 
Bright
, 166 Ill. 2d at 208, 652 N.E.2d at 277.  Because trial courts have broad discretion to dismiss a lawsuit with prejudice under Rule 103(b), we thus consider whether the trial court's denial of defendant's motion was an abuse of discretion.  See 
Segal
, 136 Ill. 2d at 286, 555 N.E.2d at 720; 
Sinn
, 243 Ill. App. 3d at 789, 612 N.E.2d at 935. 

Plaintiff argues the trial court's decision is discre­tionary and points to other Rule 103(b) cases where the reviewing court did not disturb the trial court's decision granting a Rule 103(b) dismissal.  
See, 
e.g.
, 
Womick
, 137 Ill. 2d at 381, 561 N.E.2d at 29 (reversing the appellate court's reversal of trial court's dismissal); 
Mayoral
, 219 Ill. App. 3d at 371, 579 N.E.2d at 1200; 
Penrod
, 150 Ill. App. 3d at 129, 501 N.E.2d at 369; 
Easa v. Group III Promotions, Inc.
, 182 Ill. App. 3d 297, 537 N.E.2d 1063 (1989).  Plaintiff cites 
In re Marriage of Aud
, 142 Ill. App. 3d 320, 326, 491 N.E.2d 894, 898 (1986), and argues an abuse of discretion exists when a court, in consideration of all cir­cumstances, exceeds the limits of reason and ignores legal prin­ciples so that substantial prejudice results. 

This court in 
Mayoral
 stated "diligence must be estab­lished factually, by affidavits in conformance with the rules of evidence."  
Mayoral
, 219 Ill. App. 3d at 370, 579 N.E.2d at 1199.  Although there is no transcript from the hearing on the motion, it is evident from the language of the trial court's question that plaintiff presented no affidavits or evidence, other than what is in the record, to provide any justification for the de­lay.  Plaintiff apparently stood only on her arguments and the facts defendant presented.

The trial court's misinterpretation of the contents of defendant's letter may have contributed to its ruling.  If defen­dant stated it would not voluntarily accept service, part of the delay may have been attributed to defendant's own actions, caus­ing the factors in 
Segal
 to lean more in plaintiff's favor.  There is, however, no evidence on the record defendant made such a statement.  There is also no evidence in the record plaintiff acted with diligence.  The delay resulted merely from plaintiff's inaction.  Given our answer to the trial court's question and the failure of plaintiff to produce any evidence establishing dili­gence, we find the trial court abused its discretion in denying defendant's motion.  

Remanded with directions to dismiss with prejudice.

STEIGMANN, P.J., and GARMAN, J., concur.