VERNON SINN, Plaintiff-Appellant, v. ELMHURST MEDICAL BUILD-
ING, LTD., Defendant (J.V.M. Realty *et al.*, Defendants-Appellees; Elm-
hurst West Medical Building, Inc., Defendant).

Second District   No. 2—92—0357

Opinion filed April 22, 1993.

BOWMAN, J., concurring in part and dissenting in part.

Aldo E. Botti and Frank J. Wesolowski, both of Botti, Marinaccio & Ta-
meling, Ltd., of Oak Brook, for appellant.

Kenneth W. Fewkes, John J. Mangan, and Paul A. Michalik, all of
Rooks, Pitts & Poust, of Wheaton, for appellees.

JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, Vernon Sinn, appeals the circuit court's orders dismissing his complaint against defendants Bank of Naperville, as trustee for trust No. 2626, J.V.M. Realty (J.V.M.), and Jim Madary for failure to diligently obtain service of summons and refusing to reconsider its decision. Plaintiff contends that the court abused its discretion in dismissing the action with prejudice against these three defendants.

On December 28, 1988, plaintiff allegedly slipped and fell on property at 533 West North Avenue, Elmhurst. He immediately reported the occurrence to his doctor, whose office was located on the premises, and Madary, the property manager.

On December 27, 1990, plaintiff signed a retainer contract with the law firm of Ramsell & Associates (Ramsell). On December 28, 1990, Ramsell filed a complaint on plaintiff's behalf concerning this incident. That complaint named, among others, the three defendants who are parties to this appeal.

No summonses were issued at the time the complaint was filed. Ramsell apparently had ordered a tract search of the subject premises on January 2, 1991.

On January 21, 1991, plaintiff informed Ramsell that he no longer wished that firm to represent him. On January 24, 1991, Donald Ramsell informed plaintiff by telephone and letter that summons had not been issued and that he "must serve summons on defendants as soon as possible," or risk losing the case. Ramsell also stated that plaintiff owed the firm $1,241 for legal services.

On March 28, 1991, the court granted Ramsell leave to withdraw as plaintiff's counsel. On April 5, 1991, plaintiff retained the firm of Botti, Marinaccio, DeSalvo & Tameling, Ltd. (Botti), to take over the case. That same day, Botti contacted Ramsell to make arrangements to turn over the file.

Apparently a fee dispute ensued between plaintiff and Ramsell during which time Ramsell refused to release plaintiff's file. Sometime late in May 1991, Ramsell agreed to send plaintiff the tract search upon payment of $50. On July 11, 1991, Botti sent Ramsell the $50 and received the tract search.

Plaintiff obtained an "alias summons" for defendant Bank of Naperville on August 20, 1991. The summons was served on September 3, 1991.

On December 6, 1991, plaintiff obtained "alias summonses" for J.V.M. and Madary, which were served on December 16, 1991.

The bank filed an appearance and a motion to dismiss the complaint with prejudice for failure to comply with Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)) regarding diligent service of summons. The court granted the motion on January 9, 1992.

Plaintiff moved the court to reconsider its January 9 ruling. Meanwhile, J.V.M. and Madary also moved to dismiss pursuant to Rule 103(b). On February 20, the court denied plaintiff's motion to reconsider the previous ruling, granted the motion of J.V.M. and Madary to dismiss, and denied plaintiff's oral motion to reconsider that ruling. Plaintiff filed a notice of appeal March 23, 1992.

On appeal, plaintiff contends (1) the court erred in dismissing his complaint against the bank with prejudice for failure to procure diligently service of summons and (2) the court erred in dismissing his complaint against J.V.M. and Madary for the same reason.

Defendants respond that the court did not abuse its discretion in dismissing the action with prejudice where plaintiff made no attempt to serve the bank until nearly eight months after the complaint was filed and no attempt to serve J.V.M. and Madary until more than 11 months after the filing.

Supreme Court Rule 103(b) provides as follows:

"If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice." 134 Ill. 2d R. 103(b).

■■ The primary purpose of the rule is to promote the expeditious handling of lawsuits by giving the court wide discretion to dismiss when service is not effected with reasonable diligence. The rule protects defendants from unnecessary delay in service and prevents circumvention of the statute of limitations. (*Segal v. Sacco* (1990), 136 Ill. 2d 282, 286.) Rule 103(b) is not based upon the subjective test of plaintiff's intent, but upon the objective test of reasonable diligence in effecting service. (*Cannon v. Dini* (1992), 226 Ill. App. 3d 82, 86; *Penrod v. Sears, Roebuck & Co.* (1986), 150 Ill. App. 3d 125, 129.) Plaintiff has the burden to show reasonable diligence in obtaining service of process. (*Cannon*, 226 Ill. App. 3d at 86; *Schusterman v. Northwestern Medical Faculty Foundation* (1990), 195 Ill. App. 3d 632, 639.) Dismissal under Rule 103(b) is within the sound discretion of the trial court. *Segal*, 136 Ill. 2d at 286.

Factors which a court may consider in ruling on a Rule 103(b) motion include (1) the length of time used to obtain service; (2) the activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge on the part of defendant of the pendency of the action as the result of ineffective service; (6) special circumstances which would affect plaintiff's efforts; and (7) actual service on defendant. *Womick v. Jackson County Nursing Home* (1990), 137 Ill. 2d 371, 377; *Segal*, 136 Ill. 2d at 287.

Plaintiff contends that applying these factors to the instant case leads to the conclusion that the court abused its discretion in dismissing the action against the bank. Plaintiff contends that the length of time required to effect service, 7 months and 23 days, is not as long as some other cases in which courts found reasonable diligence. He claims he became embroiled in a dispute with his original attorneys who failed to serve defendants and thereafter "held hostage" his file. After his original attorneys withdrew, he "immediately" obtained new counsel, who proceeded to conduct an investigation to determine who were proper parties. Plaintiff contends: "Once Bank of Naperville was determined to be the owner of the property where Plaintiff was injured *** Summons was issued."

Plaintiff also contends that since he immediately reported the incident, defendant had actual notice of the action. Moreover, plaintiff contends that "special circumstances" existed due to the conflict with his former attorneys and the illness of his mother during the pendency of the suit.

We cannot agree that the circuit court abused its discretion in dismissing the bank from the case under these circumstances. Contrary to plaintiff's assertion, the record does not reveal reasonable diligence in obtaining service against the bank. Rather, the record shows the following. Plaintiff filed his complaint the day the statute of limitations was to run. Shortly thereafter, a dispute developed between plaintiff and his attorneys. Although plaintiff "fired" Ramsell on January 21, Ramsell did not obtain leave to withdraw until March 28, and plaintiff did not consult Botti until April 5. All this time, plaintiff knew that summons had not been placed and that it was important for him to do so.

Even after retaining Botti, plaintiff did nothing for an additional 4½ months. Plaintiff contends that Botti was conducting the investigation required by Supreme Court Rule 137 (134 Ill. 2d R. 137) and was further delayed by Ramsell's holding the file "hos-

tage" for payment of its fees. Plaintiff contends these circumstances excuse his failure to obtain service at an earlier date.

We disagree. Plaintiff does not explain why it took 4½ months after he retained Botti to discover that the bank was the owner of the building. Initially, we note that Ramsell apparently had this information early in January 1991 and that knowledge of an attorney is knowledge of the client regardless of whether the attorney has actually communicated this information to the client. (*Rogers v. Balsley* (1993), 240 Ill. App. 3d 1005, 1011.) Moreover, plaintiff stated that Ramsell agreed to release its tract search as early as late May 1991. However, plaintiff took no action to obtain the tract search until July. Even after obtaining the tract search, plaintiff did not attempt to effect service for another six weeks. Plaintiff does not explain what further "investigation" was being conducted during this time. Finally, Ramsell's file was not the only source of this information. Plaintiff does not explain why he or his new attorneys could not have simply ordered another tract search or utilized some other source of information. In short, plaintiff does not explain why it required nearly eight months to verify that the party named in the complaint as the owner of the building was in fact the proper party defendant.

In *Womick*, the supreme court upheld the trial court's dismissal under Rule 103(b) where plaintiff made no effort to serve defendant for nine months. (*Womick*, 137 Ill. 2d at 380; see also *Penrod v. Sears, Roebuck & Co.* (1986), 150 Ill. App. 3d 125 (seven-month delay showed lack of diligence); *Luebbing v. Copley Memorial Hospital* (1978), 60 Ill. App. 3d 780 (10-month delay showed lack of diligence).) The court did not abuse its discretion in dismissing the bank from the action.

Plaintiff contends in a supplemental brief that *Cannon v. Dini* (1992), 226 Ill. App. 3d 82, requires us to reverse the trial court's order. However, that case is factually distinguishable from this one. In *Cannon*, plaintiff effected service on the defendant doctor 13 months after filing the complaint. However, plaintiff had a summons issued for the doctor one month after filing the complaint, and four attempts were made to effect service. Plaintiff did serve successfully two additional defendants. For the next seven months, plaintiff was preoccupied fending off motions to dismiss by the properly served defendants. After these were resolved, plaintiff diligently sought to serve the remaining defendant. 226 Ill. App. 3d at 87.

■■ In this case, plaintiff made *no* effort to serve defendant for nearly eight months. Moreover, he was not preoccupied with motions from other defendants as was Cannon, since no one had been served. *Cannon* does not require a different result.

Plaintiff's second contention is that the court abused its discretion in dismissing defendants J.V.M. and Madary from the action. Again, we disagree. Much of what we have said regarding the bank applies to these two defendants as well.

Plaintiff's affidavit demonstrates that he informed Madary of the accident the day it happened. Thus, he was apparently aware in 1988 that Madary was the managing agent for the building. Even assuming that plaintiff was justified in waiting until May 1991 to retain Botti, which began its own investigation, plaintiff does not explain why this investigation required six months. Plaintiff knew the location of the building where he fell, and he knew the identity of Madary as the managing agent. Presumably, a few phone calls could have determined whether Madary was a proper party and the identity of his employer (presumably J.V.M.).

The only factors identified in *Womick* which plaintiff identifies as being favorable to him are that defendants had actual notice of the occurrence through Madary and presumably were not prejudiced by the delay. However, the *Womick* court held that actual notice of the suit and a lack of prejudice will not necessarily preclude dismissal under Rule 103(b), since these are merely two of the factors to be considered. (*Womick*, 137 Ill. 2d at 379.) In fact, the court upheld the trial court's dismissal of the case where plaintiff failed to effect service for nine months. *Womick* governs this case and leads to the conclusion that the court did not err in dismissing the complaint against defendants J.V.M. and Madary.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

UNVERZAGT, J., concurs.

JUSTICE BOWMAN, concurring in part and dissenting in part:

I respectfully dissent *vis-a-vis* the majority finding which dismissed plaintiff's claim against the Bank of Naperville trust No. 2626. My colleagues rely on *Womick v. Jackson County Nursing Home* (1990), 137 Ill. 2d 371, *Penrod v. Sears, Roebuck & Co.* (1986), 150 Ill. App. 3d 125, and *Luebbing v. Copley Memorial Hos-*

*pital* (1978), 60 Ill. App. 3d 780, to justify their conclusion that the plaintiff failed to exercise reasonable diligence to obtain service of summons on defendant. I find these cases distinguishable on the basis that none involve the element of "special circumstances which would affect plaintiff's efforts." (See *Womick*, 137 Ill. 2d at 377). In *Womick*, the plaintiff was represented by an attorney who filed suit two days before the statute of limitations expired and did not place summons for service until nine months after the statute had expired and offered no explanation for this inactivity. Thus, in that case, no special circumstances existed which would affect plaintiff's efforts in serving the summons. In *Penrod*, plaintiff's lawsuit was filed two days before the expiration of the statute of limitations. Plaintiff's attorney mailed the complaint and summons to the circuit clerk requesting filing of the complaint and issuance of summons. Approximately four months later, plaintiff's attorney contacted the circuit clerk regarding status of the summons and was advised that summons had not issued. Approximately two months later, plaintiff's attorney again contacted the clerk regarding the status of summons and was advised to prepare another summons. This summons was never returned to plaintiff's attorney. A month later, plaintiff's attorney prepared an alias summons which issued from the clerk and was served on defendant. In total, seven months elapsed from filing the lawsuit until service of summons on defendant. *Penrod* does not involve special circumstances which would affect plaintiff's efforts. In *Luebbing*, plaintiff did not place summons until 10 months after the lawsuit was filed. There was no explanation given for the failure to place summons and the element of special circumstances affecting plaintiff's effort was not involved.

In the present case, I believe the following special circumstances affected plaintiff's diligence in obtaining service of summons: (1) from January 21, 1991, until April 5, 1991, he was without the services of an attorney and (2) during this time, he was unable to obtain the attorney's file on this case because of a fee dispute. When the discharged attorney formally withdrew from plaintiff's case on March 28, 1991, plaintiff promptly retained another attorney within one week's time. Because of the continuing fee dispute, plaintiff's newly retained attorney was unable to obtain file information pertinent to service of summons on the bank until July 1991. Based on this information, plaintiff's attorney had an alias summons issued on August 20, 1991, and the Bank of Naperville trust No. 2626 was served with summons on September 3, 1991.

I believe the plaintiff's case more closely comports with the circumstances of *Cannon v. Dini* (1992), 226 Ill. App. 3d 82, than the circumstances of *Womick, Penrod,* or *Luebbing.* In *Cannon,* the reviewing court overturned the trial court's decision that plaintiff's delay of 13 months to effect service on defendant was not reasonably diligent as required by Supreme Court Rule 103(b). In *Cannon,* plaintiff filed a complaint on November 7, 1988, four days prior to expiration of the statute of limitations period. Eleven days later, summons on defendant Dini issued. A return of service of that summons indicated attempted service on four separate occasions during the life of the summons. Plaintiff's complaint was stricken on March 29, 1989, and an amended complaint filed on April 3, 1989. On August 3, 1989, seven months and six days after the initial summons was returned, plaintiff was issued an alias summons for service on defendant at the same address as the first summons. This alias summons was returned and not served. Next, a special process server unsuccessfully attempted service at the same address. His return of summons indicated defendant had apparently moved. A third alias summons issued and was served on defendant December 27, 1989. The facts indicated that defendant Dini had practiced medicine in Chicago for many years and was listed in the telephone directory yellow pages. His home address was listed in the telephone directory, and he had resided there for many years. He had not attempted to evade service. Although he moved his business office in February 1989, he had sent plaintiff several billing notices with a current office address. Thus, in *Cannon* special circumstances existed which affected plaintiff's efforts in serving summonses. In considering defendant's challenge that the plaintiff did nothing for seven months after the initial summons was returned, the reviewing court held the seven-month period of alleged "inactivity," during which plaintiff's complaint was stricken and refiled and the second motion to dismiss remained pending for four months, could not comprise the basis of a finding that plaintiff failed to exercise reasonable diligence in serving Dini. *Cannon,* 226 Ill. App. 3d at 88.

Similarly, I believe that plaintiff's lack of legal representation between January 21, 1991, when he discharged his attorney, and April 5, 1991, when he retained new counsel, coupled with the inability of his new counsel to obtain essential parts of the discharged attorney's investigative file until July 1991 constitute "special circumstances." As stated in the majority opinion, special circumstances constitute one of the factors which a court may consider in

ruling on a Rule 103(b) motion. (*Womick*, 137 Ill. 2d at 377.) I determine that the existence of special circumstances cannot comprise the basis of a finding that plaintiff failed to exercise due diligence in serving the Bank of Naperville trust No. 2626. Accordingly, I would find that the trial court abused its discretion by dismissing plaintiff's claim against the Bank of Naperville trust No. 2626 based on a violation of Supreme Court Rule 103(b).

Because there are no special circumstances involved, I concur in the finding of my colleagues that the trial court did not abuse its discretion in finding that plaintiff's claim against defendants J.V.M. Realty and Jim Madary be dismissed based on a violation of Supreme Court Rule 103(b).

I concur in part and dissent in part.