STEVEN E. KERKER, Plaintiff-Appellee, v. GREGORY A. ELBERT, Defendant-Appellant.

Fourth District    No. 4—93—0932

Argued March 23, 1994.—Opinion filed May 20, 1994.—Rehearing denied June 20, 1994.

Charles D. Knell and Scott R. Paulsen (argued), both of Quinn, Johnston, Henderson & Pretorius, Chartered, of Peoria, for appellant.

James R. Carter (argued), of James R. Carter, P.C., of Peoria, for appellee.

Patrick A. Salvi, of Law Office of Patrick A. Salvi, of Waukegan, and Curt N. Rodin and Richard A. Kimnach, both of Anesi, Ozmon & Rodin, Ltd., of Chicago, for *amicus curiae.*

JUSTICE GREEN delivered the opinion of the court:

Pursuant to Supreme Court Rule 308(a), we granted leave to appeal in this case after the trial court denied a defense motion to dismiss a count of a complaint and found that the ruling involved "a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." (134 Ill. 2d R. 308(a).) The question of law involved was stated by the court to be:

> "Whether the Illinois Structural Work Act, 740 ILCS 150/0.01 is preempted by the Federal Occupational Safety and Health Act, 29 U.S.C. 651 as to a cause of action brought by a person not employed at the workplace but engaged thereon, or passing under or by the same[.]"

In *Faier v. Ambrose & Crushing, P.C.* (1993), 154 Ill. 2d 384, 609 N.E.2d 315, the supreme court held that the appellate court erred in denying leave to appeal under Supreme Court Rule 308 and then heard the appeal and ruled by answering the legal questions to which a substantial amount of disagreement was stated to exist. The supreme court then remanded to the circuit court. A dissent maintained that the appropriate procedure was for the court to rule upon the propriety of the order from which appeal was taken. (*Faier,* 154 Ill. 2d at 387-90, 609 N.E.2d at 316-18 (Harrison, J., dissenting).) We conclude that *Faier* overruled, *sub silentio,* our holding in *Schoonover v. American Family Insurance Co.* (1991), 214 Ill. App. 3d 33, 40-41, 572 N.E.2d 1258, 1262-63, where this court adopted the procedure explained in the dissent.

Accordingly, we answer the question stated and certified by the circuit court by ruling that, under the circumstances set forth in the question, an action to recover damages for injuries under the Structural Work Act (Act) (740 ILCS 150/0.01 through 9 (West 1992)) is not preempted by the Occupational Safety and Health Act (OSHA) (29 U.S.C. § 651 *et seq.* (1988)).

On July 21, 1992, plaintiff Steven E. Kerker filed a single-count complaint in the circuit court of Woodford County against defendant Gregory A. Elbert. Plaintiff alleged that on April 15, 1992, at defendant's request, he was present at a site where defendant was erecting a dwelling house and, while lifting a wooden beam to be used as a scaffold, he fell through a hole in the floor and was injured.

Plaintiff charged defendant with negligence. Subsequently, plaintiff was granted leave to file an amended complaint with a second count which contained many similar allegations to the previous complaint but sought recovery under the Act on the basis that defendant was in charge of the work taking place and had wilfully violated the Act in a way which was a proximate cause of plaintiff's injuries.

After various procedural maneuverings, a motion for summary judgment filed by defendant was amended to a motion for involuntary dismissal of count II pursuant to section 2—619 of the Code of Civil Procedure (Code) (735 ILCS 5/2—619 (West 1992)). The theory of the motion was that the Act was preempted by OSHA. However, at the time the court ruled on the motion, affirmative matter before the court indicated that at the time of injury, plaintiff was a volunteer and not an employee of defendant. On October 5, 1993, the circuit court entered the order on appeal denying the motion to dismiss the complaint.

At the time the circuit court denied the motion to dismiss, the defendant asked that questions be submitted to this court as follows:

"(a) Whether the Illinois Structural Work Act, 740 ILCS 150/.01, is preempted by the Federal Occupational Safety and Health Act, 29 U.S.C. 651[.]

(b) Whether a cause of action brought by a volunteer worker is not saved by the savings provision of the Occupational Safety and Health Act[.]"

Then and now, defendant has maintained that OSHA has preempted the Act in its entirety and still seeks such a determination. Section 653(b)(4) of OSHA states:

"Nothing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment." (29 U.S.C. § 653(b)(4) (1988).)

By seeking a favorable response to the second question, defendant sought to foreclose plaintiff from maintaining that if OSHA preempts the Act under all other circumstances, plaintiff's instant claim under the Act is kept alive by the savings provision of section 653(b)(4) of OSHA.

The circuit court concluded that because the record did not show that plaintiff was an employee of defendant, OSHA did not cover the activity involved, but that the Act did and, accordingly, OSHA did not preempt any cause of action plaintiff might have under the Act.

The circuit court chose not to address the broader question of whether, under most situations likely to occur, OSHA would preempt operation of the Act. We are in substantial agreement with the circuit court's analysis and we choose not to pass upon the general application of the doctrine of preemption as between OSHA and the Act. The theory that preemption would generally take place has been given some impetus by the decision in *Gade v. National Solid Wastes Management Association* (1992), 505 U.S. ___, 120 L. Ed. 2d 73, 112 S. Ct. 2374, where Illinois legislation providing for licensing of hazardous waste equipment operators and laborers working at hazardous waste sites was preempted by OSHA.

■ The doctrine of Federal preemption arises from the supremacy clause of article VI of the Constitution of the United States (U.S. Const., art. VI) and, accordingly, any State law which conflicts with proper Federal law is void. (*Cipollone v. Liggett Group, Inc.* (1992), 505 U.S. ___, ___, 120 L. Ed. 2d 407, 422, 112 S. Ct. 2608, 2617.) The United States Supreme Court has stated three tests of supersession: (1) whether the scheme of Federal regulation is so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it; (2) whether the Federal statutes touch a field in which the Federal interest is so dominant that the Federal system must be assumed to preclude enforcement of State laws on the same subject; and (3) whether enforcement of the State statute presents a serious danger of conflict with the administration of the Federal program. (16 Am. Jur. 2d *Constitutional Law* § 291 (1979).) Preemption may be either express or implied (*Jones v. Rath Packing Co.* (1977), 430 U.S. 519, 525, 51 L. Ed. 2d 604, 614, 97 S. Ct. 1305, 1309) and the question is one of congressional intent. *Gade*, 505 U.S. at ___, 120 L. Ed. 2d at 84, 112 S. Ct. at 2383.

■ The preemption analysis must begin with " 'the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress.' " (*Wisconsin Public Intervenor v. Mortier* (1991), 501 U.S. 597, 605, 115 L. Ed. 2d 532, 543, 111 S. Ct. 2476, 2482, quoting *Rice v. Santa Fe Elevator Corp.* (1947), 331 U.S. 218, 230, 91 L. Ed. 1447, 1459, 67 S. Ct. 1146, 1152.) The presumption is that "Congress did not intend to displace state law." (*Maryland v. Louisiana* (1981), 451 U.S. 725, 746, 68 L. Ed. 2d 576, 595, 101 S. Ct. 2114, 2129.) This assumption provides assurance that the "Federal-State balance" will not be disturbed unintentionally by Congress or unnecessarily by the courts. *Gade*, 505 U.S. at ___, 120 L. Ed. 2d at 96, 112 S. Ct. at 2392.

Section 651(b) of OSHA states that its purpose is "to assure so far as possible every working man and woman in the Nation safe and

healthful working conditions and to preserve our human resources." (29 U.S.C. § 651(b) (1988).) Section 654(a)(1) of OSHA requires employers to furnish each of his or her employees "employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to [those] employees." (29 U.S.C. § 654(a)(1) (1988).) Section 655 of OSHA (29 U.S.C. § 655 (1988)) authorizes the Secretary of Labor to establish safety standards for workplaces subject to OSHA. Section 667(b) of OSHA (29 U.S.C. § 667(b) (1988)) permits States to "assume responsibility for development and enforcement" of occupational safety and health standards otherwise subject to OSHA standards, provided that the standards meet the approval of the Secretary of Labor pursuant to section 657(c) of OSHA (29 U.S.C. § 657(c) (1988)). Illinois has not obtained such approval of any standards concerning the type of work involved here.

Section 659 of OSHA (29 U.S.C. § 659 (1988)) provides for imposition of civil penalties payable to the Federal government for violations of OSHA and rules and regulations enacted under it. Section 662 of OSHA (29 U.S.C. § 662 (1988)) makes injunctive relief available to the Secretary of Labor for such violations. However, OSHA makes no provision for monetary damages to be obtained by those injured by those violations. Moreover, OSHA does not create duties owed by employers to mere invitees upon the premises of employers. *Barrera v. E.I. Du Pont De Nemours & Co.* (5th Cir. 1981), 653 F.2d 915, 920.

Section 1 of the Act evidences an intention to protect "persons employed or *engaged thereon, or passing under or by*" various structures used in "the erection, repairing, alteration, removal or painting of" various other structures (emphasis added) (740 ILCS 150/1 (West 1992)). Unlike OSHA, duties are imposed to protect invitees who happen to be on premises where covered activity occurs even though the invitees are not employees. Section 9 of the Act (740 ILCS 150/9 (West 1992)) makes owners of the premises, contractors or subcontractors, or others, if they have charge of the work involved, guilty of misdemeanors for violations of the Act and liable for monetary damage to parties injured thereby. Under the broad coverage of section 9, unpaid volunteers injured while performing work for the benefit of others have been permitted to sue for damages for such wilful violations. See *Price v. Victory Baptist Church* (1990), 205 Ill. App. 3d 604, 563 N.E.2d 1244; *Coates v. W.W. Babcock Co.* (1990), 203 Ill. App. 3d 165, 560 N.E.2d 1099.

■ Applying the foregoing rules to the situation in the question certified to us for answer, we conclude (1) no duty was owed under

OSHA to the person not employed at the work site but "engaged thereon or passing under or by the same"; and (2) absent preemption by OSHA, that person could sue any person in charge of work at that site for any injuries received which were proximately caused by a wilful violation of the Act. However, because OSHA and the Act have similar purposes of promoting safe working conditions (29 U.S.C. §§ 651(a),(b) (1988); *Simmons v. Union Electric Co.* (1984), 104 Ill. 2d 444, 459, 473 N.E.2d 946, 953), and under both legislative provisions detailed regulations are provided, defendant maintains that OSHA preempts the Act even in situations not covered by OSHA.

Defendant relies primarily upon language in part III of the plurality opinion in *Gade* with which Justice Kennedy agreed. There, the Court noted that the Illinois licensing legislation shared with OSHA the purpose of protecting the health and welfare of the workers licensed to perform hazardous work but also had the purpose of protecting the public, which was not a function of OSHA. The Court stated:

> "Our precedents leave no doubt that a dual impact state regulation cannot avoid OSH Act pre-emption simply because the regulation serves several objectives rather than one. As the Court of Appeals observed, '[i]t would defeat the purpose of section 18 if a state could enact measures stricter than OSHA's and largely accomplished through regulation of worker health and safety simply by asserting a non-occupational purpose for the legislation.' [*National Solid Wastes Management Association v. Killian* (7th Cir. 1990), 918 F.2d 671, 679.] Whatever the purpose or purposes of the state law, pre-emption analysis cannot ignore the effect of the challenged state action on the pre-empted field. The key question is thus at what point the state regulation sufficiently interferes with federal regulation that it should be deemed pre-empted under the Act." *Gade*, 505 U.S. at ____, 120 L. Ed. 2d at 89-90, 112 S. Ct. at 2387.

The overlap of the State legislation sought to be preempted in regard to the Federal legislation here is different than that in *Gade* or any other such legislation called to our attention. In *Gade*, every person given a State license would be permitted to operate under circumstances covered by OSHA. Thus, dual regulation would be involved in every case. Here, nothing in the circumstances described in the certified question or in the pleadings indicates that OSHA regulations are involved. The plaintiff was not an employee of defendant and OSHA imposed no duty on the defendant to the plaintiff. Permitting recovery under the Act would not stand as " 'an obstacle' to the full implementation of a federal law." *Gade*, 505 U.S. at ____,

120 L. Ed. 2d at 87, 112 S. Ct. at 2385, quoting *Hines v. Davidowitz* (1941), 312 U.S. 52, 67, 85 L. Ed. 581, 587, 61 S. Ct. 399, 404.

Even if the Act was generally preempted by OSHA, and the situation here was such that the defendant was subject to OSHA in his activities at the site because he employed others in work at the site and affected interstate commerce, we would not hold that OSHA preempted a suit by plaintiff against defendant to recover under the Act. The question would be a closer one than that we previously discussed, because the defendant might then be confronted with some unknown conflicting regulations. However, we conclude that the presumption against preemption which we have discussed and which four members of the United States Supreme Court deemed sufficient to defeat preemption in *Gade* (505 U.S. at ____, 120 L. Ed. 2d at 95, 112 S. Ct. at 2392 (Souter, J., dissenting)) would be sufficient to defeat preemption under the more compelling circumstances projected here.

We express no opinion concerning preemption of the Act by OSHA beyond the circumstances of this case. As we have indicated, we answer the question presented to us by ruling that under the circumstances set forth in the question, an action to recover damages for injuries under the Act is not preempted by OSHA. We then remand to the circuit court of Woodford County for further proceedings.

Question answered; remanded.

COOK and STEIGMANN, JJ., concur.