685 N.E.2d 1018 (1997)
292 Ill. App.3d 350
226 Ill.Dec. 563
Connie BILLERBECK, Plaintiff-Appellee,
v.
CATERPILLAR TRACTOR COMPANY, a Corporation, Defendant-Appellant.
No. 4-96-0505.
Appellate Court of Illinois, Fourth District.
Argued October 30, 1996.
Decided October 8, 1997.
*1019 Karen L. Kendall (argued), Robert V. Dewey, Brad A. Elward, Craig S. Young, Heyl, Royster, Voelker & Allen, Peoria, for Caterpillar Tractor Co.
James R. Ensign (argued), Ostling, Ensign & Barry, Bloomington, for Connie Billerbeck.
Justice KNECHT delivered the opinion of the court:
On December 4, 1989, in the circuit court of Livingston County, plaintiff Connie Billerbeck filed suit against defendant Caterpillar Tractor Company for injuries she allegedly sustained on December 4, 1987. Approximately four years later, on November 16, 1993, the trial court granted plaintiff's motion for voluntary dismissal. Plaintiff refiled her complaint on October 24, 1994. On November 16, 1995, summons was issued. Summons was served on defendant two weeks later, 13 months and 6 days after plaintiff refiled her complaint.
Defendant filed a motion to dismiss, arguing plaintiff had not acted with reasonable diligence in effecting service upon defendant as required by Supreme Court Rule 103(b) (134 Ill.2d R. 103(b)). Attached to defendant's motion was an affidavit showing the date of service and a letter dated November 7, 1995, informing plaintiff's counsel that defendant would not accept service of process on its counsel. Plaintiff did not file a response to this motion. The trial court, on May 3, 1996, denied defendant's motion, but certified the following question for interlocutory review pursuant to Supreme Court Rule 308 (155 Ill.2d R. 308):
"Whether a [13]-month and [6]-day lapse between filing of the lawsuit and effecting service of process on defendant constitutes a lack of due diligence pursuant to Supreme Court Rule 103 where the complaint filed was a refiling following a voluntary dismissal, the statute of limitations had run prior to the filing of the complaint, defendant had made it known in writing it would not voluntarily accept service, defendant was a corporation in the same location throughout the pendency of the action, and no efforts to effect service during the [13]-month [6]-day time period were attempted by plaintiff."
(We note the trial court incorrectly included in its certified question "defendant had made it known in writing it would not voluntarily accept service." The letter submitted by defendant clearly informed plaintiff's counsel that defendant would not accept service *1020 through its counsel, but plaintiff would have to serve defendant directly.) On July 9, 1996, this court granted leave to appeal.
Rule 103(b) requires a plaintiff to act with reasonable diligence in effecting service of process on a defendant. If the plaintiff fails to act with reasonable diligence after the statute of limitations expires, the cause of action shall be dismissed with prejudice. The plaintiff has the burden of proving reasonable diligence, and the defendant is not required to prove prejudice by the delay. Segal v. Sacco, 136 Ill.2d 282, 286, 144 Ill. Dec. 360, 361, 555 N.E.2d 719, 720 (1990); Mayoral v. Williams, 219 Ill.App.3d 365, 370, 162 Ill.Dec. 382, 385, 579 N.E.2d 1196, 1199 (1991).
In O'Connell v. St. Francis Hospital, 112 Ill.2d 273, 282, 97 Ill.Dec. 449, 453, 492 N.E.2d 1322, 1326 (1986), the Supreme Court of Illinois emphasized the purpose and importance of Rule 103(b):
"Nothing is more critical to the judicial function than the administration of justice without delay. [Citations.] Central to discharging this function, the judiciary must be unimpeded in considering and rendering judgments on matters before it. [Citations.] Rule 103(b) was adopted by this court to effectuate its historical and constitutional mandate to render justice fairly and promptly.
Due diligence in serving process is essential to this purpose, for it is the sole legally sufficient means of alerting defendants to the pendency of a civil suit. In addition, service with due diligence, by promptly placing defendant on notice of a pending action, shortens the time needed to investigate, prepare and litigate the issues raised, thereby allowing the court to proceed expeditiously to a just resolution of the matter before it."
In Segal, the court noted Rule 103(b) is necessary to prevent circumvention of the statute of limitations. Segal, 136 Ill.2d at 286, 144 Ill.Dec. at 361, 555 N.E.2d at 720. The rules of our supreme court are not aspirational. "They have the force of law, and the presumption must be that they will be obeyed and enforced as written." Bright v. Dicke, 166 Ill.2d 204, 210, 209 Ill.Dec. 735, 737-38, 652 N.E.2d 275, 277-78 (1995).
When making a Rule 103(b) determination, a trial court may consider the following factors: (1) amount of time in obtaining service; (2) plaintiff's activities; (3) plaintiff's knowledge of defendant's whereabouts; (4) ease in ascertaining defendant's location; (5) defendant's actual knowledge of the pendency of the suit resulting from ineffective service; (6) special circumstances affecting plaintiff's efforts; and (7) actual service effected on defendant. These factors, which are not exhaustive, must be viewed in light of the rule's purpose. Segal, 136 Ill.2d at 287, 144 Ill.Dec. at 361-62, 555 N.E.2d at 720-21. This court, in Mayoral, also considered whether the defendant was prejudiced by the delay. Mayoral, 219 Ill.App.3d at 369-70, 162 Ill.Dec. at 385, 579 N.E.2d at 1199.
Defendant contends an application of the analysis in Segal demonstrates the plaintiff did not act with reasonable diligence. Defendant also maintains public policy favors a finding of a lack of reasonable diligence. Plaintiff, on the other hand, argues application of the factors in Segal is discretionary.
In Segal, the court used permissive language prior to listing the factors: "a court may consider." Segal, 136 Ill.2d at 287, 144 Ill.Dec. at 361, 555 N.E.2d at 720. These factors, however, are consistently used by reviewing courts. See, e.g., Womick v. Jackson County Nursing Home, 137 Ill.2d 371, 377, 148 Ill.Dec. 719, 721, 561 N.E.2d 25, 27 (1990); Mayoral, 219 Ill.App.3d at 369-70, 162 Ill.Dec. at 385, 579 N.E.2d at 1199; Sinn v. Elmhurst Medical Building, Ltd., 243 Ill. App.3d 787, 790, 184 Ill.Dec. 56, 59, 612 N.E.2d 932, 935 (1993); Tischer v. Jordan, 269 Ill.App.3d 301, 307, 206 Ill.Dec. 739, 743, 645 N.E.2d 991, 995 (1995). In addition, the Womick court, one year after the Segal decision, used less permissive language: "they are but two factors to be considered by the court in making that determination." (Emphasis added.) Womick, 137 Ill.2d at 377, 148 Ill.Dec. at 721, 561 N.E.2d at 27; see also Mayoral, 219 Ill.App.3d at 369-70, 162 Ill. Dec. at 385, 579 N.E.2d at 1199.
We need not decide whether consideration of the Segal factors is permissive or mandatory, *1021 because the question certified to this court indicates the trial court considered the above factors and asked this court to do the same. The trial court gave the length of time, noted plaintiff's activity (or inactivity) and knowledge of defendant's location, mentioned the letter indicating defendant's actual knowledge, and noted defendant was served.
An application of these facts to factors set forth in Segal indicates plaintiff did not act with reasonable diligence. Plaintiff provided no explanation of her efforts in effecting service upon defendant, either through affidavits, other evidence, or argument. There is nothing in the record or briefs showing any special circumstances prohibiting service upon defendant. Plaintiff had knowledge of defendant's whereabouts because she worked for a food service company operating in one of defendant's plants. There is no evidence defendant changed locations and defendant maintains its location had not changed during the litigation.
Moreover, the time between filing and service was 13 months and 6 days. Plaintiff provided no case law indicating this length of time is reasonable. On the other hand, defendant cites several cases where plaintiffs were found to have acted without reasonable diligence with delays of eight to nine months. Womick, 137 Ill.2d at 377, 148 Ill.Dec. at 721, 561 N.E.2d at 27 (nine months); Penrod v. Sears, Roebuck & Co., 150 Ill.App.3d 125, 129, 103 Ill.Dec. 346, 348, 501 N.E.2d 367, 369 (1986) (eight months); Sinn, 243 Ill. App.3d at 789, 184 Ill.Dec. at 59, 612 N.E.2d at 935 (eight months).
Defendant, however, received service of process and had actual knowledge of the cause of action since two weeks after the complaint was refiled. Because defendant had a fair opportunity to investigate, defendant was arguably not prejudiced by the delay.
According to Womick, the presence of actual knowledge and the absence of prejudice do not require this court to find reasonable diligence. In Womick, though the plaintiff knew the defendant's locale, the plaintiff made no attempt to place summons for approximately nine months after filing the complaint. The court concluded "notice is not sufficient to preclude dismissal in light of [plaintiff's] obvious lack of diligence." Womick, 137 Ill.2d at 381, 148 Ill.Dec. at 723, 561 N.E.2d at 29. As in Womick, actual notice and the absence of prejudice do not outweigh the other factors. Plaintiff has shown neither an attempt to serve defendant, special circumstances to justify the delay, nor difficulty in locating defendant. In this case, the delay was four months longer than the delay in Womick. See Womick, 137 Ill.2d at 380, 148 Ill.Dec. at 723, 561 N.E.2d at 29. Plaintiff's lack of diligence is equally as obvious, if not more so.
Plaintiff argues, however, a dismissal with prejudice under Rule 103(b) is a harsh penalty, justified only when the delay denies defendants fair opportunity to investigate the facts and circumstances of the charges. See Segal, 136 Ill.2d at 288, 144 Ill.Dec. at 362, 555 N.E.2d at 721. Plaintiff further contends Illinois favors determinations based upon parties' substantive rights. See McCormack v. Leons, 261 Ill.App.3d 293, 295, 199 Ill.Dec. 401, 402, 634 N.E.2d 1, 2 (1994), citing 735 ILCS 5/1-106 (West 1992).
Defendant argues public policy supports a determination plaintiff acted without reasonable diligence. Defendant states the purpose of Rule 103(b) is to protect defendants from unnecessary delay in the service of process and to prevent circumvention of the statute of limitations. See Hanna v. Kelly, 91 Ill. App.3d 896, 900, 47 Ill.Dec. 146, 150, 414 N.E.2d 1262, 1266 (1980). Defendant also cites Schusterman v. Northwestern Medical Facility Foundation, 195 Ill.App.3d 632, 639, 142 Ill.Dec. 437, 441, 552 N.E.2d 1178, 1182 (1990), and contends a party has a duty that is nondelegable to bring suit to a timely conclusion. Defendant argues if this court were to decide plaintiff acted with reasonable diligence, it would render Rule 103(b) meaningless.
The "harsh penalty" language cited by plaintiff originated from a case with a 20- to 21-week delay between filing and the service of process. See Segal, 136 Ill.2d at 284-85, 288, 144 Ill.Dec. at 360-62, 555 N.E.2d at 719-21. The Segal court observed a Rule 103(b) dismissal with prejudice would not be *1022 an abuse of discretion if the delay was equal to or shorter than the 20- and 21-week delay if defendants were denied fair opportunity to investigate facts and circumstances that are the grounds for the suit while the information is available. Segal, 136 Ill.2d at 289, 144 Ill.Dec. at 362, 555 N.E.2d at 721. The Segal court, however, left open the possibility for dismissals with prejudice for cases with longer delays that do not deny defendants fair opportunity to investigate. The Womick court, in consideration of a case with a greater delay, did not even consider whether the defendant was denied a fair opportunity to investigate. Womick, 137 Ill.2d at 377, 148 Ill.Dec. at 721, 561 N.E.2d at 27.
Like the factors in Segal, public policy weighs toward a dismissal with prejudice. Rule 103(b) was adopted to protect against unreasonable delay in the service of process and to prevent plaintiffs' circumventing the statute of limitations. Segal, 136 Ill.2d at 286, 144 Ill.Dec. at 361, 555 N.E.2d at 720. Plaintiff filed suit on the last day permitted by the statute of limitations. She voluntarily dismissed her suit without prejudice nearly four years later. Plaintiff refiled her suit within the one-year allowance, but did not effect service of process until 13 months 6 days later. Plaintiff has circumvented the statute of limitations by over six years. Even if this court focuses only on the one-year window given to plaintiffs who voluntarily withdraw their cases without prejudice, plaintiff circumvented that limitation by over a year. The purpose of Rule 103(b) is not served by such lack of diligence, and if we were to find this delay satisfies Rule 103(b), we would render the rule meaningless. We thus answer the trial court's question, with the necessary modification, in the affirmative.
We turn now to consider whether this court's review is limited solely to the determination of how the trial court's question should be decided. In Schoonover v. American Family Insurance Co., 214 Ill.App.3d 33, 40-41, 157 Ill.Dec. 794, 798, 572 N.E.2d 1258, 1262 (1991), we held we were not limited to reviewing questions presented under Rule 308, but instead we may also consider the appropriateness of the order giving rise to the appeal. Following the supreme court's decision in Faier v. Ambrose & Cushing, P.C., 154, Ill.2d 384, 182 Ill.Dec. 12, 609 N.E.2d 315 (1993), however, we abandoned our holding in Schoonover. Kerker v. Elbert, 261 Ill.App.3d 924, 925, 199 Ill.Dec. 643, 644, 634 N.E.2d 482, 483 (1994).
In Faier, the court found the appellate court incorrectly denied leave to appeal under Rule 308. After hearing the appeal, the court ruled by answering the question presented and remanding the case to the trial court. There was no determination on whether the appellate court may go beyond the question presented in appeals pursuant to Rule 308. Faier, 154 Ill.2d at 386-87, 182 Ill.Dec. at 13, 609 N.E.2d at 316. Justice Harrison dissented from the opinion and maintained the proper procedure for the court was to rule on the propriety of the order from which the appeal was taken. Faier, 154 Ill.2d at 387-90, 182 Ill.Dec. at 13-15, 609 N.E.2d at 316-18 (Harrison, J., dissenting); see also Kerker, 261 Ill.App.3d at 925, 199 Ill.Dec. at 644, 634 N.E.2d at 483. Upon interpreting Faier, we concluded the decision overruled our holding in Schoonover. Hardimon v. Carle Clinic Ass'n, 272 Ill. App.3d 117, 124, 208 Ill.Dec. 824, 828, 650 N.E.2d 281, 285 (1995); Danner v. Norfolk & Western Ry. Co., 271 Ill.App.3d 598, 601, 207 Ill.Dec. 903, 905, 648 N.E.2d 603, 605 (1995). Kerker, 261 Ill.App.3d at 925, 199 Ill.Dec. at 644, 634 N.E.2d at 483.
Subsequent supreme court decisions, however, have prompted us to rethink our abandonment of Schoonover. See Bright, 166 Ill.2d at 208, 209 Ill.Dec. at 737, 652 N.E.2d at 277; Boyd v. Travelers Insurance Co., 166 Ill.2d 188, 193-94, 209 Ill.Dec. 727, 730, 652 N.E.2d 267, 270 (1995); Schrock v. Shoemaker, 159 Ill.2d 533, 537, 203 Ill.Dec. 787, 789, 640 N.E.2d 937, 939 (1994). In these cases, our supreme court went beyond the specific questions pursuant to Rule 308 to evaluate the appropriateness of the order that gave rise to the appeal. Bright, 166 Ill.2d at 208, 209 Ill.Dec. at 737, 652 N.E.2d at 277; Boyd, 166 Ill.2d at 193-94, 209 Ill.Dec. at 730, 652 N.E.2d at 270; Schrock, 159 Ill.2d at 537, 203 Ill.Dec. at 789, 640 N.E.2d at 939. In Schrock and Boyd, the court cited Supreme Court Rule 366(a)(5) (155 Ill.2d R. 366(a)(5)) *1023 as providing authority to go beyond the question presented. Boyd, 166 Ill.2d at 193, 209 Ill.Dec. at 730, 652 N.E.2d at 270; Schrock, 159 Ill.2d at 537, 203 Ill.Dec. at 789, 640 N.E.2d at 939. Rule 366(a)(5) provides the following:
"In all appeals the reviewing court may, in its discretion * * *
(5) enter any judgment and make any order that ought to have been given or made, and make any other and further orders and grant any relief * * * that the case may require." (Emphasis added.) 155 Ill.2d R. 366(a)(5).
Our reading of Rule 366(a)(5) indicates the rule is not limited to our supreme court, but applies to this court, as well as to all appeals. We thus return to our holding in Schoonover.
In this case, given the interests of judicial economy, we are obligated to go beyond the question presented to consider the appropriateness of the order giving rise to the appeal. See Bright, 166 Ill.2d at 208, 209 Ill.Dec. at 737, 652 N.E.2d at 277. Because trial courts have broad discretion to dismiss a lawsuit with prejudice under Rule 103(b), we thus consider whether the trial court's denial of defendant's motion was an abuse of discretion. See Segal, 136 Ill.2d at 286, 144 Ill.Dec. at 361, 555 N.E.2d at 720; Sinn, 243 Ill. App.3d at 789, 184 Ill.Dec. at 59, 612 N.E.2d at 935.
Plaintiff argues the trial court's decision is discretionary and points to other Rule 103(b) cases where the reviewing court did not disturb the trial court's decision granting a Rule 103(b) dismissal. See, e.g., Womick, 137 Ill.2d at 381, 148 Ill.Dec. at 723, 561 N.E.2d at 29 (reversing the appellate court's reversal of trial court's dismissal); Mayoral, 219 Ill. App.3d at 371, 162 Ill.Dec. at 386, 579 N.E.2d at 1200; Penrod, 150 Ill.App.3d at 129, 103 Ill.Dec. at 348, 501 N.E.2d at 369; Easa v. Group III Promotions, Inc., 182 Ill.App.3d 297, 130 Ill.Dec. 734, 537 N.E.2d 1063 (1989). Plaintiff cites In re Marriage of Aud, 142 Ill. App.3d 320, 326, 96 Ill.Dec. 615, 619, 491 N.E.2d 894, 898 (1986), and argues an abuse of discretion exists when a court, in consideration of all circumstances, exceeds the limits of reason and ignores legal principles so that substantial prejudice results.
This court in Mayoral stated "diligence must be established factually, by affidavits in conformance with the rules of evidence." Mayoral, 219 Ill.App.3d at 370, 162 Ill.Dec. at 385, 579 N.E.2d at 1199. Although there is no transcript from the hearing on the motion, it is evident from the language of the trial court's question that plaintiff presented no affidavits or evidence, other than what is in the record, to provide any justification for the delay. Plaintiff apparently stood only on her arguments and the facts defendant presented.
The trial court's misinterpretation of the contents of defendant's letter may have contributed to its ruling. If defendant stated it would not voluntarily accept service, part of the delay may have been attributed to defendant's own actions, causing the factors in Segal to lean more in plaintiff's favor. There is, however, no evidence on the record defendant made such a statement. There is also no evidence in the record plaintiff acted with diligence. The delay resulted merely from plaintiff's inaction. Given our answer to the trial court's question and the failure of plaintiff to produce any evidence establishing diligence, we find the trial court abused its discretion in denying defendant's motion.
Remanded with directions to dismiss with prejudice.
STEIGMANN, P.J., and GARMAN, J., concur.