CONSTANCE WILSON *et al.*, Indiv. and on Behalf of All Others Similarly Situated, Plaintiffs-Appellants, v. CHRISTOPHER CHISM, d/b/a Loop Academy of Business, Defendant-Appellee.

First District (4th Division)   No. 1—94—3827

Opinion filed April 25, 1996.—Rehearing denied May 23, 1996.

Carl Flaningam, Christine Naper, and Alan Alop, all of Legal Assistance Foundation, of Chicago, for appellants.

Jamie S. Freveletti, of Burditt & Radzius, Chartered, of Chicago, for appellee.

JUSTICE CAHILL delivered the opinion of the court:

The Loop Academy of Business is a private vocational school. Plaintiffs are students who attended the school but never completed a course of study there. They filed this class action in 1992 alleging that the defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 *et seq.* (West 1992)). They allege that Loop Academy falsely certified to the federal government that they had the ability to benefit from the school's course of instruction. Plaintiffs were admitted to the school after January 1989 and enrolled in the school's automated office assistant training program. All plaintiffs received federally guaranteed student loans to pay the school's tuition. The trial court ruled that plaintiffs' state action was preempted by federal law and granted defendant summary judgment (735 ILCS 5/2—1005(c) (West 1992)). We affirm.

■ The Higher Education Act of 1965 (the Act) (20 U.S.C. § 1001 *et seq.* (1994)) regulates vocational schools that receive tuition from federally guaranteed student loans. The Secretary of Education administers the loan program under the Act. Vocational schools must comply with federal regulations to receive tuition derived from federally guaranteed funds. 34 C.F.R. § 600.7 *et seq.* (1994). The regulations implement a loan guarantee program under which a state or private loan guaranty agency may insure loans made to students by private lenders. The United States, in turn, reinsures the loans. 34 C.F.R. § 685.100 (1994). Students who lack a high school or general education diploma and who attend a vocational school may be eligible to borrow federally guaranteed funds for tuition if they have the "ability to benefit" from the training. 34 C.F.R. § 682.402(e)(13) (1994). The school must certify that a student borrower is eligible for the federally guaranteed loan. To do this, the school must test the students to measure aptitude to complete the educational program. 34 C.F.R. § 600.11 (1994).

Plaintiffs allege they are part of a class of students who failed to achieve the minimum score required on the admission test but were admitted nonetheless. Plaintiffs further allege that Loop Academy knew, based on test scores, that the plaintiffs lacked the ability to benefit from Loop's course of instruction. Plaintiffs then allege that when Loop Academy certified to the federal government that the students had the ability to benefit based upon the test scores, the school violated the Consumer Fraud Act because the certification "contravened federal regulations." Plaintiffs seek as damages the tuition paid to the school because they remain obligated to pay the federally guaranteed loans. They also ask for punitive damages.

The issue presented was properly framed by the trial court: whether the state cause of action is preempted by the federal Higher Education Act and the remedies available under federal law for just such circumstances as alleged in plaintiffs' complaint.

We review a grant of summary judgment *de novo*. *Golla v. General Motors Corp.*, 261 Ill. App. 3d 143, 147, 633 N.E.2d 193 (1994).

■ The supremacy clause of the United States Constitution invalidates a state law that interferes with, or is contrary to, federal law. Article VI of the Constitution provides that the laws of the United States "shall be the supreme Law of the Land; *** any Thing in the Constitution or Laws of any state to the Contrary notwithstanding." U.S. Const., art. VI. State law that conflicts with federal law is "without effect." *Maryland v. Louisiana*, 451 U.S. 725, 746, 68 L. Ed. 2d 576, 595, 101 S. Ct. 2114, 2129 (1981).

■ Preemption of a state law may be expressed or implied. *Kerker*

*v. Elbert*, 261 Ill. App. 3d 924, 634 N.E.2d 482 (1994). We find no language in the Higher Education Act that expressly preempts state consumer protection claims.

Absent an express statement of preemption, state law is preempted only to the extent that it conflicts with federal law. A conflict is found and preemption implied when compliance with both federal and state law is impossible, or state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *California v. ARC America Corp.*, 490 U.S. 93, 100-01, 104 L. Ed. 2d 86, 94, 109 S. Ct. 1661, 1665 (1989).

We must examine the statutory language and the structure and purpose of the statute to ascertain congressional intent when the Act is silent on the subject of preemption. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 137-38, 112 L. Ed. 2d 474, 483, 111 S. Ct. 478, 482 (1990).

Plaintiffs' claim under the Consumer Fraud Act is based upon the allegation that Loop Academy falsely certified to the federal government that they had the ability to benefit from the defendant's instruction and so became eligible to borrow federally guaranteed funds. Plaintiffs acknowledge they have a federal remedy in that "they could request and receive administrative discharge from the Secretary of Education" if a claim of false certification is sustained. But, plaintiffs argue, nothing in the Act or the federal regulatory scheme prohibits them from the alternative they have chosen: suing "the school in a state court before"—or as an alternative to—"pursuing administrative discharge with the Secretary." We disagree.

We believe a study of the federal regulatory scheme shows that plaintiffs' alternative state remedy would require the state trier of fact to make determinations delegated by Congress to the Secretary of Education. The conclusion does not leap off the page. It requires an analysis of the duties of the Secretary under the Act and the language of the regulations the Secretary has issued to enforce the Act.

The Higher Education Act encourages lenders to make student loans and to provide loans to students who would not otherwise have access to loans. The Act authorizes the federal government to pay a portion of the interest on the loans and to guarantee lenders against losses. 20 U.S.C. § 1071(a)(1) (1994).

Congress amended the Higher Education Act in 1992 to direct the Secretary of Education to establish "ability to benefit" guidelines. Before then, schools were required to certify that the students had passed a test developed by the school's accrediting agency to evaluate the student's ability to benefit. After the amendment, the Secretary

set the "ability to benefit" standards for the test. Plaintiffs allege that Loop falsely certified their ability to benefit both before and after the 1992 amendment. But, under either standard, the regulatory scheme to determine false certification and the mechanism for forgiveness of the student loans is vested in the Secretary. 20 U.S.C. § 1087(c)(1) (1994).

The Department of Education issued regulations to implement the amendment to the Act. 34 C.F.R. § 682.402(e) (1994). Section 682.402(e) is entitled "False certification by a school of a student's eligibility to borrow and unauthorized disbursements." It reads in part:

> "The Secretary reimburses the holder of a loan received by a borrower on or after January 1, 1986, and discharges a current or former borrower's obligation with respect to the loan *** if the borrower's *** eligibility to receive the loan was falsely certified by an eligible school. *** A student's eligibility to borrow shall be considered to have been falsely certified by the school if the school—
>
> (A) Admitted the student on the basis of ability to benefit from its training and the student did not meet the applicable requirements for admission on the basis of ability to benefit described in paragraph (e)(13) of this section." 34 C.F.R. § 682.402(e) (1994).

Paragraph (e)(13) is entitled "Requirements for admission on the basis of ability to benefit." It states that students who did not receive a high school or general education diploma are

> "considered to have the ability to benefit from training offered by the school if the student—
>
> * * *
>
> (B) For periods of enrollment beginning on or after July 1, 1987, achieved a passing grade on a test—
>
> (1) Approved by the Secretary, for periods of enrollment beginning on or after July 1, 1991, or by the accrediting agency, for other periods; and
>
> (2) Administered substantially in accordance with the requirements for use of the test." 34 C.F.R. § 682.402(e)(13) (1994).

The wording of the Act and regulations shows that Congress intended federal law to control and the Secretary to determine whether a student's eligibility to borrow was falsely certified. Section 1087 of the Act and its regulations set up administrative procedures for the investigation, determination, discharge, and subsequent litigation of false certification claims. The Secretary of Education implements these procedures.

If the Secretary finds a false certification and discharges a loan, "[a] borrower *** shall be deemed to have assigned to the United

States the right to a loan refund up to the amount discharged against the institution [the school] and its affiliates and principals." 20 U.S.C. § 1087(c)(2) (1994). Regulation 682.402(e)(5) also provides:

"(i) Upon discharge under paragraph (e) of this section, the borrower is deemed to have assigned to and relinquished in favor of the Secretary any right to a loan refund *** that the borrower *** may have by contract or applicable law with respect to the loan or the enrollment agreement for the program for which the loan was received, against the school, its principals, affiliates and their successors ***.

(ii) The provisions of paragraph (e) of this section apply notwithstanding any provision of state law that would otherwise restrict transfer of such rights by the borrower (or student), limit or prevent a transferee from exercising those rights, or establish procedures or a scheme of distribution that would prejudice the Secretary's ability to recover on those rights." 34 C.F.R. § 682.402(e)(5)(i), (e)(5)(ii) (1994).

■ If we examine the plaintiffs' request for relief in their state claim, the conflict with federal law becomes evident. Plaintiffs' complaint would compel the state trier of fact to decide whether the school complied with federal guidelines on ability to benefit. The federal regulatory scheme imposes that duty on the Secretary of Education.

We are aware that Congress expressly saved from federal preemption relief for some matters, but only those unrelated to the discharged loan. Regulation 682.402(e) provides:

"Nothing in this section shall be construed as limiting or foreclosing the borrower's (or student's) right to pursue legal and equitable relief regarding disputes arising from matters otherwise unrelated to the loan discharged." 34 C.F.R. § 682.402(e)(5)(iii) (1994).

Although this is a saving clause, not a preemption clause, the language supports the conclusion that a state claim is barred if it involves a dispute related to discharge of a loan. See *Gade v. National Solid Wastes Management Ass'n*, 505 U.S. 88, 100, 120 L. Ed. 2d 73, 85, 112 S. Ct. 2374, 2384 (1992).

Allowing plaintiffs' action stands as an obstacle to the accomplishment of Congress' goals and objectives because it would also lead to increased and prolonged litigation and could result in inconsistent findings of facts. Plaintiffs seek damages in the amount of their tuition because, they say, they were falsely certified as having an ability to benefit. The federal remedy for false certification is complete.

Plaintiffs argue that their remedy is not complete under the Act because they also seek punitive damages. Punitive damages are not a

940

remedy intended for a plaintiff and are not awarded as compensation, but serve instead to punish defendants. *Mattyasovszky v. West Towns Bus Co.*, 61 Ill. 2d 31, 35, 330 N.E.2d 509 (1975).

Affirmed.

HOFFMAN, P.J., and THEIS, J., concur.